ANDREW JOHN CALCAGNO (AC 3085)
Attorney-At-Law
404 Manor Road
Staten Island, New York 10314

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

RICHARD ABONDOLO, as Chairman
of the Board of Trustees of UFCW LOCAL      Case No. 06-cv-02381(MBM)(KNF)
342 HEALTH CARE FUND a/k/a                            ECF CASE
LOCAL 342 (SEAFOOD DIVISION)
WELFARE FUND,                                         **COMPLAINT**

    Plaintiffs,

    -against-

SOUTH SHORE PACKERS, INC. a/k/a
SOUTH SHORE PACKERS,

    Defendant.
---------------------------------------------------------------X

    The Plaintiff, UFCW Local 342 Welfare Fund, by and through its attorney, Andrew John Calcagno, as and for its Complaint, respectfully alleges as follows:

## NATURE OF ACTION

1. This is an action to recover certain payments due and owing by the Defendant to a labor organization and its affiliated employee benefit plans pursuant to a written collective bargaining agreement and obligations imposed by law.

2. Jurisdiction of this Court is invoked pursuant to Section 502 of the Employee Retirement Income Security Action of 1974 ("ERISA"), U.S.C. 1132 and Section 301 of the Labor-Management Relations Action of 1947 (the "Act"), 29 U.S.C. 185.

3. Venue lies within this Jurisdiction pursuant to 29 U.S.C. 185 (c) and 1132 (e).

**PARTIES**

4. Plaintiff, Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 342 Health Care Fund a/k/a Local 342 (Seafood Division) Welfare Fund (the "Welfare Fund"), is a fiduciary empowered to bring this action on behalf of the 342 Health Care Fund within the meaning of ERISA section 502.  The Welfare Fund is an employee benefit welfare plan within the meaning of ERISA Section 3(1), 29 U.S.C. Section 1002(1).  The Welfare Fund was established and is maintained by the Union and various employers for the purpose of providing Health and Welfare benefits to members of the Union working for employers, including the Defendant herein.   The Welfare Fund maintains places of business at 540 West 48th Street, New York, New York 10036 and 166 East Jericho Turnpike, Mineola, New York 11501.

5. Upon information and belief, the Defendant, South Shore Packers, Inc. a/k/a South Shore Packers (the "Defendant"), is a New York Corporation engaged in the processing of food and other products.  The Defendant maintains its place of business at Barnes Road, P.O. Box 68, Moriches, New York 11955.

6. The Defendant is an employer within the meaning of Section 2(2) of the Act, 19 U.S.C. 152(2).

**FACTS**

7. The Union and the Employer are parties to a written collective bargaining agreement (the "Agreement"), which sets forth the wages, hours and conditions of employment for members of the Union working for the Employer.

8. Pursuant to the provisions of the Agreement, the Employer is obligated to make certain monthly contributions to the Plaintiff, the Welfare Fund.

9. Pursuant to the provisions of the Agreement, the Employer agreed to be bound by the Declarations of Trust and other documents of the Welfare Fund, and authorized the Welfare Fund to maintain an action on its own behalf to collect contributions due and owing to the Welfare Fund.

10. Pursuant to the provisions of the Agreement, if the Employer fails to make contributions to the Welfare Fund in a timely manner, the Welfare Fund is entitled to recover from the Defendant the contributions, plus interest, reasonable attorney's fees, court costs and disbursements.

11. On or about October 2005 and December 2005 through March 2006, the Employer was to make contributions in the amount of $256 per full-time employee per month.

12. Although the Welfare Fund has demanded that the Employer pays the contributions which are due and owing, the Employer has failed to do so and continues to fail to do so.

13. None of the amounts due and owing to the Welfare Fund have been paid by the Employer and the Employer is not entitled to any offsets or credits.

**AS AND FOR A FIRST CAUSE OF ACTION**

14. The Plaintiff, Welfare Fund, repeats, reiterates and re-alleges the allegations set forth in paragraphs 1 through 13 above as if set forth at length herein.

15. During the months of October 2005 and December 2005 through March 2006, the Employer failed to make contributions to the Welfare Fund as follows:

    - October 2005      -      $11,520.00
    - December 2005   -      $12,288.00
    - January 2006      -      $12,544.00
    - February 2006    -      $12,800.00
    - March 2006        -      $13,056.00
      **TOTAL**                  **$62,208.00**

16. The Employer's failure to make contributions is unjustified and is in breach of the Agreement.

17. Based upon the Welfare Fund's records, the amount due and owing to the Welfare Fund as of March 24, 2006 is $62,208.00, plus interest at the rate of eight percent (8%) per annum, liquidated damages in the amount of twenty percent (20%), costs and attorneys' fees.

WHEREFORE, the Plaintiff, Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 342 Health Care Fund a/k/a Local 342 (Seafood Division) Welfare Fund, seeks an Order and a Judgment:

(a) directing the Defendant, South Shore Packers, Inc. a/k/a South Shore Packers, to pay $62,208.00 to the Plaintiff;

(b) directing the Defendant to pay to the Plaintiff interest at the rate of eight percent (8%) per annum plus liquidated damages in the amount of twenty percent (20%) pursuant to ERISA Section 502(g)(2);

(c) directing the Defendant to pay the Plaintiff costs in maintaining this action, including, but not limited to, reasonable attorneys' fees; and

(d) for such other and further relief as this Honorable Court may deem just, proper and equitable.

Dated: Staten Island, New York
March 24, 2006

        s/  Andrew John Calcagno
ANDREW JOHN CALCAGNO (AC 3085)
404 Manor Road
Staten Island, New York 10314
(718) 815-0200

Attorney for the Plaintiff